

Dana Berkowitz
PARTNER

**STRIS & MAHER LLP**
777 S Figueroa St Ste 3850
Los Angeles, CA 90017
stris.com

dberkowitz@stris.com
213.995.6800

April 24, 2023

VIA ECF

Hon. Chief Judge Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408
mg.chambers@nysb.uscourts.gov

**Re:    *Rhodium Enterprises, Inc. v. Celsius Mining LLC*, Adv. Proc. No. 23-01101 (MG) (related to *In re Celsius Network LLC*, No. 22-10964 (MG))**

Dear Chief Judge Glenn:

We represent Plaintiff Rhodium Enterprises in the above-captioned matter. We write pursuant to Local Rule 7056-1 to request a pre-motion conference, at the Court's earliest availability, in anticipation of Rhodium's motion for summary judgment. As outlined in the Complaint, Celsius Mining's actions are threatening to derail an imminent merger between Rhodium and another non-party to this bankruptcy. The deadline for the merger's close is June 30, 2023. Rhodium accordingly intends to seek resolution of this matter on the most expedited basis possible.

To briefly summarize the situation: In June 2021, Celsius Mining purchased an instrument known as a Simple Agreement for Future Equity ("SAFE") from Rhodium. The purchase amount was $50 million. Under the SAFE, certain triggering events—such as the planned merger—cause the SAFE to convert into Rhodium stock. Rhodium and Celsius Mining dispute how much stock Celsius Mining will receive upon the merger's closing. Celsius Mining has taken the position that it is entitled to something different (and larger) than what the SAFE's terms say Celsius Mining should receive—and what every other SAFE holder, indeed every *existing* Rhodium shareholder, will receive from the merger. The uncertainty caused by Celsius Mining's assertions could make it legally or practically impossible for the merger to close by the June 30 deadline.

Rhodium believes that this unusually straightforward contract dispute is capable of resolution on a motion for summary judgment, and without discovery. Rule 56 permits parties to file a motion for summary judgment "at any time, even as early as the commencement of the action." Fed. R. Civ. P. 56, Committee Notes to 2009 Amendment. And in the Second Circuit, it is well established that "[w]hen a dispute involves the interpretation of an unambiguous contract, summary judgment is appropriate without prior discovery." *Singer Grp., Inc. v. Nine W. Holdings, Inc.*, No. 14-CV-3619 (SAS), 2015 WL 9582431, at *3 (S.D.N.Y. Dec. 30, 2015).

April 24, 2023
Page 2

This dispute involves the interpretation of an unambiguous contract.[1] Rhodium seeks declaratory relief on three issues: (1) whether the merger is a Listing Event or a Liquidity Event under the SAFE; (2) whether the consideration owed to Celsius under the SAFE is cash or stock; and (3) whether Celsius has a right under the SAFE to challenge the valuation of Rhodium in the merger. The contract's unambiguous terms answer each:

(1) The SAFE defines both Listing Event and Liquidity Event. The merger is not a Listing Event because it is not an initial public offering, a SPAC event, or a direct listing. Ex. A § 2 ("Definitions"). The merger is a Liquidity Event because it is a merger in which Rhodium's shareholders do not retain majority voting power in the resulting entity. *Id.* The merger is also a Liquidity Event because it will dispose of Rhodium's assets. *Id.*

(2) The SAFE provides that upon a Liquidity Event, Celsius receives a portion of the "Proceeds" of the Liquidity Event. *Id.* § 1(b). The SAFE defines Proceeds as "cash and other assets (including without limitation stock consideration) that are proceeds from the Liquidity Event." *Id.* § 2. The merger agreement provides that the proceeds from the merger are shares of SilverSun stock calculated on the terms set forth in the merger agreement. Ex. B § 2.01. Thus, Celsius receives SilverSun stock calculated on the terms set forth in the merger agreement.

(3) The SAFE contains a $3 billion valuation cap but no appraisal rights. Ex. A, Preamble. The side letter gives Celsius certain additional information and approval rights, but no appraisal rights. *See* Ex. C. Therefore, Celsius has no right to challenge the merger valuation of Rhodium.

Certainly, many contracts contain sufficient ambiguity as to warrant the introduction of extrinsic evidence. But not here. Not only are the SAFE's terms simple (as the name "Simple Agreement for Future Equity" implies), but they are so detailed and on-point that they preclude any argument that the parties intended to confer other, unspecified rights.

While recognizing the significant press of business this Court faces, Rhodium respectfully seeks permission to file its summary judgment motion immediately, so that it may obtain a ruling as quickly as possible, and so that the merger may close in a timely fashion. Rhodium hopes to resolve this matter by June 15, 2023, if it is possible to do so. Accordingly, Rhodium respectfully asks that this Court set a pre-motion conference at the Court's earliest availability, or dispense with the conference and permit the filing of Rhodium's contemplated motion.

Rhodium has conferred with Special Litigation Counsel for Celsius Mining and counsel for the UCC regarding the matters raised in this letter. All parties are available in the afternoon on Monday May 1st, and all day on Tuesday May 2nd, should the Court be available.

---

[1] The SAFE, as well as the merger agreement and a side letter, are attached to the complaint (ECF No. 2517) as Exhibits A, B, and C, respectively (ECF Nos. 2517-1, 2517-2, and 2517-3).

April 24, 2023
Page 3


Respectfully submitted,

s/ Dana Berkowitz
Dana Berkowitz

Counsel for Rhodium Enterprises, Inc.