Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036

T  +1 212.872.1000
F  +1 212.872.1002
akingump.com



**Mitchell P. Hurley**
+1 212.872.1011/fax: +1 212.872.1002
mhurley@akingump.com

April 28, 2023

Hon. Chief Judge Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408
mg.chambers@nysb.uscourts.gov

      Re:    *Rhodium Enters., Inc. v. Celsius Mining LLC*, Adv. Proc. No. 23-01101 (MG) (related to *In re Celsius Network LLC*, No. 22-10964 (MG))

Dear Chief Judge Glenn:

We represent Debtor Celsius Mining LLC ("Celsius"), and write in response to Plaintiff Rhodium Enterprises, Inc.'s ("Rhodium") April 24, 2023 pre-motion letter. *See Pl.'s Letter Requesting Pre-Motion Conference* [ECF No. 7]; *see also Order Requiring Def. to File a Letter in Resp.* [ECF No. 10]. Celsius is available for a pre-motion conference on Monday, May 1, 2023 during the afternoon or Tuesday, May 2, 2023 (or after), as Plaintiff requests, but Celsius does not consent to the extreme and unjustified schedule Plaintiff proposes.

With no prior notice to Celsius, Rhodium filed its adversary complaint (the "Complaint") on April 21, 2023, just one week ago. By its Complaint, Rhodium seeks a declaration rejecting claims that Celsius first asserted in writing more than six months ago, and that arise from Rhodium's breach of a $50 million SAFE investment, and in connection with Rhodium's planned merger with SilverSun Technologies Inc. ("SilverSun"). Rhodium now proposes to file a motion for summary judgment "immediately," advises it will seek a return date in 14 days and insists that Celsius must respond within 7 days, without time for Celsius to serve an answer or assert any counterclaims. Rhodium also seeks to deny Celsius any discovery, and to presumably forego the Rule 16 conference that is mandatory in this jurisdiction. *See* S.D.N.Y. Bankr. L.R. 7016-2.[1] Finally, Rhodium asks this Court to set aside or postpone the other pressing business before it to decide Rhodium's motion on or before June 15, 2023—less than seven weeks from now.

The schedule Rhodium proposes would be wasteful and unfair, and is not warranted. Rhodium claims in its April 24 letter that Celsius' "assertions [concerning the SAFE] could make it legally or practically impossible for the merger [with SilverSun] to close by the June 30 deadline." *Pl.'s Letter Requesting Pre-Motion Conference* at 1, ¶ 2 [ECF No. 7]. Rhodium offers no explanation for this claim, which is unconvincing. As an initial matter, June 30, 2023 is not "the deadline for the merger[ to] close," *id.* at 1,

---

[1] Rhodium was adamant that the parties' meet and confer calls on April 23 and 24, 2023 did not constitute a Rule 26(f) conference. Such a conference must be convened at least 21 days before the Rule 16 conference, which would be impossible on the schedule Rhodium advocates. *See* FED. R. CIV. P. 26(f)(4)(A).



April 28, 2023
Page 2

¶ 1, but a date after which Rhodium or SilverSun can *voluntarily* abandon the deal—a date they have mutually extended in the past, including as recently as March 13, 2023. Nor has Rhodium ever cogently explained how the pendency of Celsius' claims could "legally" interfere with the June 30 target date in the first place.[2]

But even if Rhodium could establish some kind of exigency, it would be entirely of its own creation. Celsius first made the supposedly problematic "assertions" in writing on October 27, 2022—***fully six months ago.*** *See* Ex. A (letter from Celsius to Rhodium). If Rhodium believed these "assertions" could interfere with closing (as it claimed for the first time, without any explanation, in an April 14, 2023 letter), Rhodium should have commenced this action long ago or, at the very least, advised Celsius of that belief. But Rhodium did just the opposite, repeatedly warning that Rhodium planned to close the merger ***regardless of Celsius' claims***. As just one example, on February 14, 2023, Rhodium's CFO emailed Celsius to warn that "***we will not delay our merger under any circumstances***." (emphasis added).[3] After threatening for months to close the merger around Celsius, Rhodium cannot now require Celsius to respond to a pre-answer summary judgment motion, on an absurdly accelerated schedule, without any discovery, because, suddenly, the merger supposedly cannot close unless Celsius' objection is eliminated.

In reality, Rhodium filed its preemptive complaint last Friday night not to address any exigent circumstances, but instead to cut off a Rule 2004 examination that Rhodium knew Celsius was about to commence (discussed below). As Rhodium admits, the SAFE requires Rhodium to provide Celsius "$50 million worth" of stock, Compl. ¶ 15, upon "consummation" or "closing" of certain transactions. If the transaction is a "Liquidity Event," the number of shares due to Celsius to equal $50 million is calculated based on actual share price; if it is a "Listing Event," the shares due to Celsius are calculated based on a 15% discount to the share price *See* SAFE ¶ 1(b) (Liquidity Event); ¶ 2 (defining Discount Price). Rhodium appears to have designed its merger with SilverSun in a clumsy, albeit unsuccessful, attempt to effect a Listing Event without having to provide Celsius shares at the Discount Price. Worse, Rhodium purports to determine the share price based on the grossly inflated "Rhodium Valuation" that it created with

---

[2] During an April 23, 2023 meet and confer, Rhodium claimed that SilverSun must make a further disclosure based on Rhodium's filing of its Complaint on April 21, and that *if* the SEC has comments on the new disclosure, its comments *might* not be resolved in time to close on June 30. But Celsius' longstanding dispute with Rhodium concerning the SAFE already was specifically disclosed in SilverSun's April 4, 2023 Form S-4/A, which warned that while no litigation had yet commenced, "no assurance can be provided that future legal proceedings may not ensue." Silversun Tech., Inc., Amended Registration Statement For Securities (Form S-4/A), F-25 (Apr. 4, 2023). Rhodium advised that the SEC made no comment on that disclosure. To the extent SilverSun is proposing to disclose that its previously disclosed dispute with Celsius remains pending, further interest from the SEC seems unlikely. Ironically, if the Court actually were to determine Rhodium's motion by June 15, 2023, as Rhodium demands, a further disclosure almost certainly *would* be necessary concerning that disposition, and thus it is Rhodium's proposed expedition that actually could jeopardize the June 30 target date, not Celsius' outstanding claims concerning the SAFE.

[3] When the CFO sent his February 14 warning, the target date for the closing was March 31, 2023. On March 13, 2023, Rhodium and SilverSun amended the merger agreement to extend the target date to June 30, 2023.



April 28, 2023
Page 3

SilverSun in or around September 2022, rather than the much lower market price. Rhodium's ploy would result in Celsius receiving shares worth only a small fraction of the $50 million or more that is due.

In its October 27, 2022 letter, Celsius requested the production of documents to explore these issues, and others. With involvement of the UCC, the parties engaged in settlement discussions, and in early 2023, Rhodium provided certain information in narrative form, but did not produce a single document responsive to Celsius' October 27 requests. Rhodium still has not produced a single document despite additional requests and notifications from Celsius that it would proceed with a Rule 2004 examination absent agreement. Finally, on April 19, 2023, in an effort to save the time and expense of motion practice, Celsius provided a draft proposed stipulation to Rhodium authorizing Celsius to proceed under Rule 2004. On April 21, 2023, Rhodium promised "we will get back to you asap today (and in no event later than COB)." Instead, at 8:04 p.m. on April 21, 2023, Rhodium shared a copy of its Complaint, which it hastily filed to preempt Celsius' investigation and avoid inquiry into the merger and valuation.

Rhodium's attempt to railroad Celsius into dispositive motion practice just days after filing its Complaint should be rejected. While technically permissible, judgment before an answer and discovery is virtually unheard of in practice, particularly on this timeframe.[4] Moreover, Rhodium has done nothing to justify the break-neck speed it proposes, and indeed has single-handedly brought about the purported exigency it now invokes. Celsius and its creditors should not bear the costs and burdens of this made-up emergency, or be deprived of their basic rights to information. Celsius respectfully asks the Court to deny Rhodium's request for an expedited schedule, and ensure that Celsius has the opportunity to engage in discovery and other pre-trial proceedings before being required to defend against Rhodium's premature summary judgment motion.

                        Respectfully submitted,

                        */s/ Mitchell P. Hurley*
                        Mitchell P. Hurley

---

[4] A Rule 56 motion will almost always be premature "until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had." Fed. R. Civ. P. 56 Advisory Committee's Notes (2010 amendments). *See also, e.g.*, *Kilgannon v. Soc. Sec. Admin.*, No. 1:20-CV-01891 (MKV), 2021 WL 4523505, at *4 (S.D.N.Y. Sept. 30, 2021) ("Summary judgment is typically not appropriate in the beginning of litigation, despite its 'technical timeliness.'"). Tellingly, in the only case cited by Rhodium for the proposition that judgment should be granted without any opportunity for discovery, the motion at issue was filed more than 16 months after the case was commenced, and was **denied on the breach of contract claim to permit the defendant to take discovery**. *See Singer Grp., Inc. v. Nine W. Holdings, Inc.*, 14-CV-3619 (SAS), 2015 WL 9582431, at *1, *5 (S.D.N.Y. Dec. 30, 2015). Indeed, "[o]nly in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery." *Hellstrom v. U.S. Dep't. of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000). Rhodium's assertion that this is such a case borders on the frivolous, including for the reasons discussed above, and should be rejected. *Id.*; *see also Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) ("The nonmoving party should not be railroaded into his offer of proof in opposition to summary judgment. The nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment.") (internal quotation marks and citations omitted).