**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>         Debtors. | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>Jointly Administered |
| RHODIUM ENTERPRISES, INC.<br><br>         Plaintiff,<br><br>v.<br><br>CELSIUS MINING LLC, previously known as CELSIUS CORE LLC,<br><br>         Defendant. | Adversary Proceeding<br>No. 23-01101 (MG)<br><br>**CASE MANAGEMENT AND**<br>**SCHEDULING ORDER** |

This Case Management and Scheduling Order is entered by the Court, following a Scheduling Conference held on May 2, 2023, in accordance with Fed. R. Civ. P. 16(b) and 26(f).

1. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within the later of sixty (60) days from the date of Defendant's answer, or twenty-one (21) days from the date of a decision on any motion to dismiss.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network, Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

1

2. Defendant's deadline to answer, move or otherwise respond to the Complaint is May 22, 2023.

3. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed not later than May 26, 2023.

4. All <u>fact</u> discovery shall be completed no later than September 15, 2023.

5. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure ("Civil Rules"), Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York ("Local Bankruptcy Rules").

6. Expert discovery

a. All <u>expert</u> discovery shall be completed no later than forty-five (45) days after the date in paragraph 4, <u>i.e.</u>, the completion of all fact discovery.

b. No later than thirty (30) days <u>prior to</u> the date in paragraph 4, <u>i.e.</u>, the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) Plaintiff's expert report(s) shall be due before those of Defendant's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 6(a).

7. Motions

a. All motions and applications shall be governed by the Civil Rules, Bankruptcy Rules and Local Bankruptcy Rules, including pre-motion conference requirements. Pursuant to the authority provided by Fed. R. Civ. P. 16(b)(2), a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating

thereto (*see* Local Bankruptcy Rule 7056-1) is made in writing within fourteen (14) days after the close of fact discovery (*see* paragraph 4 hereof).

      b. Motion papers shall be filed promptly after service. All motions, and courtesy copies of motions, shall include a table of contents listing all affidavits and exhibits. Affidavits and exhibits shall be clearly identified by tabs on both the original and courtesy copies. Exhibits shall be marked sequentially such that no exhibit number or letter repeats, regardless of the affidavit to which it is attached. Exhibits for the Plaintiff should be marked by numbers; exhibits for the Defendant should be marked by letters.

      c. Two courtesy copies of all motions papers shall be delivered to chambers as soon as practicable after filing.

      d. **Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. All memoranda shall be double-spaced, 12-point font, with 1" margins. Memoranda of 10 pages or more shall contain a table of contents and a table of authorities.**

      e. Prior to filing a motion, counsel for the moving party shall contact my Courtroom Deputy, Deanna Anderson, to obtain a hearing date for the motion.

      8. All counsel must meet face-to-face (in person or by videoconference) to discuss settlement or use of alternative dispute resolution ("ADR") within fourteen (14) days after the date of this Order and, again, within fourteen (14) days after the close of fact discovery. Counsel shall advise the Court promptly if they agree to use ADR to try to resolve some or all of the claims in the case. The use of any ADR mechanism does not stay or modify any date in this Order unless the Court agrees on the application of any party.

9. Counsel shall submit a proposed Joint Pretrial Conference Order within thirty (30) days after the close of fact and expert discovery (whichever is later). The proposed Joint Pretrial Conference Order shall be prepared using the form of order that will be provided to counsel by my Courtroom Deputy or law clerks.

10. In the event of any discovery dispute in this action, counsel shall first meet and confer in an effort to resolve the dispute. If counsel are unable to resolve the dispute, counsel for any party seeking assistance from the Court shall, before filing any discovery motion, arrange a conference call with the Court with all counsel involved in the dispute. The Court will endeavor to resolve the dispute without the filing of any discovery motions.

11. To the extent a discovery dispute is not resolved by the Court as provided in paragraph 10, unless the Court orders otherwise, the following expedited proceedings shall apply in lieu of ordinary motion practice: (a) the party initiating the conference shall file on the docket, within three (3) business days of the conference, a letter brief ("Initial Letter") not to exceed three (3) pages setting forth its position concerning the dispute; (b) the responding party shall file on the docket, within three (3) business days of the date of filing of the Initial Letter, a letter brief in response not to exceed three (3) pages; and (c) the Court shall rule on the dispute at its earliest convenience.

12. The next Case Management Conference is scheduled for **September 26th at 10:00 A.M. (prevailing eastern time)**[2].

---

[2] Any party appearing at, listening to, or observing the Case Management Conference, must make an electronic appearance, an eCourtAppearance, by using the eCourtAppearance portal located on the Court's website, https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl, or by clicking the "eCourtAppearances" tab on Judge Glenn's page of the Court's website at, https://www.nysb.uscourts.gov/content/chief-judge-martin-glenn. Appearances must be entered on or before 4:00 p.m. prevailing Eastern Time on September 25, 2023. After the deadline to make appearances passes, the Court will send Outlook invitations to those persons who made eCourtAppearances, using the email addresses submitted with those appearances.

13. This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown, provided, however, that discovery deadlines other than those contained in paragraphs 4 and 6(a) may be modified by written stipulation of the parties without further Order of this Court. Any application to modify or extend any deadline established by this Order shall be made in a written application no less than five (5) days prior to the expiration of the date sought to be extended.

14. The Official Committee of Unsecured Creditors is hereby granted leave to intervene as a defendant-intervenor, with all rights to participate in discovery, briefing and trial on these issues.

**IT IS SO ORDERED.**

Dated: May 4, 2023
New York, New York

/s/ Martin Glenn
MARTIN GLENN
Chief United States Bankruptcy Judge